IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT P. TREGO, | : | |
| | : | |
| Plaintiff, | : | No. 4: CV-07-002 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Blewitt) |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

February 29, 2008

**BACKGROUND**:

On October 20, 2006, plaintiff, Albert P. Trego, commenced this civil action under 42 U.S.C. § 405(g). Trego appeals the Commissioner's decision to deny him disability benefits.

The matter was initially referred to United States Magistrate Judge Thomas M. Blewitt. On January 31, 2008, the magistrate judge filed an eighteen-page report and recommendation. (Rec. Doc. No. 11.) The magistrate judge concluded that the Commissioner's decision was not supported by substantial evidence and recommended that plaintiff's appeal be granted and that the case be remanded for further proceedings. (Id.)

On February 19, 2008, the Commissioner filed objections to the magistrate judge's report and recommendation. (Rec. Doc. No. 12.)

Now, for the following reasons, the court will decline to adopt the magistrate judge's report and recommendation and will deny plaintiff's appeal.

## DISCUSSION:

### I. Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g). Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact. 42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It is less than a preponderance of the evidence but more than a mere scintilla." Id. The substantial evidence standard is a deferential standard of review. Id.

A district court reviews de novo those portions of a magistrate judge's report

and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II. Analysis

There is a five-step evaluation process to determine whether an individual is disabled for purposes of Supplemental Security Income disability benefits. 20 C.F.R. § 416.920. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from performing past relevant work; and (5) whether the applicant's impairment prevents the applicant from doing any other work, taking into consideration the applicant's residual functional capacity, age, education and work experience. Id.

The Administrative Law Judge ultimately decided the instant case at step four of the process. (Tr., Rec. Doc. No. 6, at 18.) Specifically, the ALJ concluded that plaintiff could perform his past relevant work as a farm worker and a general small parts assembler. (Id.) Therefore, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Id.)

The magistrate judge concluded that the ALJ's decision was not based on

substantial evidence. Specifically, the magistrate judge concluded that substantial evidence did not support the ALJ's finding that plaintiff's hernia was not a severe impairment and recommended that the case be remanded on this issue. (Rec. Doc. No. 11, at 9-10.) The magistrate judge also recommended that upon remand, the ALJ should consider whether plaintiff's severe impairment of borderline intellectual functioning in addition to the possible severe impairment of plaintiff's hernia would be sufficient to meet listed impairment 12.05C. (Id. at 10-11.) Furthermore, the magistrate judge recommended that the ALJ reevaluate whether the plaintiff has a marginal education. (Id. at 12-13.) The magistrate judge also recommended that the ALJ reevaluate whether plaintiff was capable of performing past relevant work. (Id. at 13-14.) Finally, the magistrate judge recommended that upon remand, the ALJ "engage in a new credibility determination." (Id. at 16.)

As mentioned, defendant has filed objections to the magistrate judge's report and recommendation. (Rec. Doc. No. 12.) Specifically, defendant argues that the ALJ's finding that plaintiff's hernia was not a severe impairment was supported by substantial evidence. (Id., at 1-7.) Furthermore, defendant argues that the ALJ's decisions that plaintiff does not have a severe impairment that meets a listed impairment, that plaintiff was capable of performing past relevant work, and that plaintiff was not credible, were all supported by substantial evidence as well. (Id.

at 8; Rec. Doc. No. 10, at 15-26.)

We agree with the defendant's objections and will decline to adopt the magistrate judge's report and recommendation. As for the first issue, we find that the ALJ's finding that plaintiff's hernia was not a severe impairment is supported by substantial evidence. As mentioned, step two of the five-step evaluation process requires that the ALJ determine whether the claimant has a severe impairment. 20 C.F.R. § 416.920. If the claimant does not have a severe impairment, the plaintiff is not disabled. Id. If the claimant does have a severe impairment, the process continues to step three for consideration of whether the severe impairment meets a listed impairment. Id.

The regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] ability to do basic work activities." 28 C.F.R. § 404.1521(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." Id. Furthermore, the regulations provide examples of such basic work activities: "1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; 2) Capacities for seeing, hearing, and speaking; 3) Understanding, carrying out, and remembering simple instructions; 4) Use of judgment; 5) Responding appropriately to supervision, co-workers and usual work

situations; and 6) Dealing with changes in a routine work setting." Id.

The requirement of a severe impairment is a de minimus screening device to dispose of groundless claims. Newell v. Comm'r Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have no more than a minimal effect on an individual's ability to work." Id. (quoting SSR 85-28) (internal quotation marks removed). In the instant case, the ALJ found that plaintiff's hernia was not a severe impairment but that his borderline intellectual functioning was a severe impairment. (Tr., Rec. Doc. No. 6, at 16.) Thus, plaintiff was not disqualified at this stage of the process because he did in fact have a severe impairment. Nevertheless, we believe that the ALJ's finding that plaintiff's hernia was not a severe impairment did impact the ALJ's evaluation of the plaintiff because it precluded consideration of whether the hernia itself or the hernia combined with his borderline intellectual functioning was sufficient to meet a listed impairment at the third stage of the analysis

We find that the ALJ's determination that plaintiff's hernia was not a severe impairment was based on substantial evidence. The ALJ relied on evidence that plaintiff had his hernia operation in 1982 and had been able to perform jobs involving lifting 70-80 pounds for the past twenty-five years since the surgery.

(Tr., Rec. Doc. No. 6, at 16.)  Furthermore, plaintiff testified that, although he experienced some pain at work when lifting, the reason he left his fencing job was because of problems with his boss, not because he could not do the work.  (Id. at 143-46, 154-57.)  He also testified that ibuprofen worked "great" for his pain and that after he left his fencing job, he attempted to find another job.  (Id. at 143-44, 153.)  Finally, a medical examination performed on March 28, 2006 revealed no abnormalities in connection with plaintiff's hernia.  (Id. at 16, 110.)  All of this evidence supports the conclusion that the hernia was not a severe impairment because this evidence suggests that the impairment does not significantly limit the plaintiff's ability to do basic work activities.  Therefore, we will affirm the ALJ's decision that plaintiff's hernia was not a severe impairment.

As to whether substantial evidence supports the ALJ's determination that plaintiff's severe impairment of borderline intellectual functioning in addition to his hernia would be sufficient to meet listed impairment 12.05C, we find that it does.  Listing 12.05 pertains to mental retardation and defines it as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period (i.e. the evidence demonstrates or supports onset of the impairment before age 22)."  Furthermore, under section C of this listing, the impairment may be met upon a showing of "[a]

valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.  The ALJ concluded that although plaintiff had an IQ score of 68, there was nothing to suggest that plaintiff's subaverage intellectual functioning was manifested prior to age 22.  (Tr., Rec. Doc. No. 6, at 17.)  Similarly, the ALJ concluded that plaintiff's hernia was not sufficient to constitute a physical impairment "imposing an additional and significant work-related limitation of function."  (Id.)  As we have just discussed, we believe there is substantial evidence to support a finding that plaintiff's hernia is not a severe impairment.  For the same reasons, there is substantial evidence to suggest that plaintiff's hernia is not a physical impairment that imposes "an additional and significant work-related limitation of function" and will therefore affirm the ALJ's decision that plaintiff did not meet Listing 12.05C.

We also find that the ALJ's conclusion that plaintiff was capable of performing past relevant work was based on substantial evidence.  In the instant case, the ALJ concluded at step four of the five-step evaluation process that plaintiff was capable of performing his past relevant work and therefore not disabled. (Tr., Rec. Doc. No. 6, at 17-18.)  Specifically, the ALJ concluded that plaintiff had the residual functioning capacity to perform medium unskilled work.

(Id. at 18.)  Furthermore, a vocational expert testified that an individual with plaintiff's IQ who was capable of performing medium unskilled work could perform plaintiff's past work as a farm worker and small parts assembler.  (Id. at 157-61.)  We believe that the vocational expert's testimony, coupled with same evidence that supported the ALJ's conclusion that the hernia was not a severe impairment, supports the conclusion that plaintiff was capable of performing past relevant work.  Therefore, we find that this conclusion is based on substantial evidence and will affirm the ALJ on this issue.

As to whether plaintiff's educational level was marginal, we agree with defendant that plaintiff's education level is not relevant because this case was ultimately decided at step four of the five-step evaluation process.  (Rec. Doc. No. 10, at 20-21.)  There is no need to consider a claimant's educational level when determining whether a claimant is capable of performing past relevant work.  20 C.F.R. § 404.1560(b)(3)  Such a consideration is only relevant when deciding whether a claimant may be able to perform other work, which is the fifth step in the process.  20 C.F.R. § 404.1560(c)(1).  Because we have already concluded that the ALJ appropriately found that plaintiff was capable of performing past relevant work, we find that there is no need to consider plaintiff's educational level because the ALJ's finding directs a conclusion of not disabled.

Finally, we will affirm the ALJ's determination as to plaintiff's credibility. In determining that plaintiff's complaints of pain were not fully credible, the ALJ stated that "[plaintiff's] allegations are not supported by the degree of treatment or the clinical findings." (Tr., Rec. Doc. No. 6, at 5.)  The ALJ noted that plaintiff had his hernia operation in 1982 but did not see a doctor again until March of 2006. (<u>Id.</u>)  Furthermore, the ALJ noted that he takes only over-the-counter medication, which plaintiff testified works. (<u>Id.</u>)  Finally, the ALJ relied on the medical examination performed on March 28, 2006, which revealed no abnormalities in connection with plaintiff's hernia. (<u>Id.</u> at 16, 110.)  We agree that this evidence, as well as the fact that plaintiff was able to perform work for 25 years following the surgery, undermines plaintiff's complaints of pain.  Therefore, we will affirm the ALJ on this issue as well.

**NOW, THEREFORE,  IT IS ORDERED THAT:**

1. The court declines to adopt United States Magistrate Judge Thomas M. Blewitt's Report and Recommendation.  (Rec. Doc. No. 11.)

2. Plaintiff's appeal is denied and the complaint is dismissed.

3. The clerk is directed to close the case file.


     s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge